952 So.2d 1185 (2007)
In re AMENDMENTS TO THE RULES REGULATING THE FLORIDA BAR-RULES 3-5.1 AND 3-7.9.
No. SC06-1840.
Supreme Court of Florida.
March 22, 2007.
John F. Harkness, Jr., Executive Director, Henry M. Coxe, III, President, Paul F. Hill, General Counsel, The Florida Bar, Tallahassee, FL; for Petitioner.
PER CURIAM.
The Florida Bar has filed a petition proposing amendments to rules 3-5.1 and 3-7.9 of the Rules Regulating the Florida Bar in response to a request from this Court. We have jurisdiction. See art. V, § 15, Fla. Const.
The Bar proposes amending rules 3-5.1 (Generally) and 3-7.9 (Consent Judgment) to add language providing that any attorney who is suspended or disbarred by the Court, including suspensions or disbarments imposed pursuant to a consent judgment, would be prohibited from accepting any new business from the date of the order or opinion imposing discipline until the sanction is completed. In addition, the new language would provide that suspensions or disbarments are to take effect thirty days from the date of the order or opinion imposing discipline to allow the attorney to close out the practice of law and to protect the interests of existing clients. These provisions have long been included in orders or opinions issued by this Court imposing suspensions or disbarments. The amendments being proposed by the Bar would merely codify these provisions.
The proposed amendments were published by The Florida Bar in the August 15, 2006, edition of The Florida Bar News. The publication notified the readers that the Bar would file a petition with the Court on or about September 15, 2006, and that any interested party could file a comment with the Court. After the petition was filed, this Court sua sponte issued an order extending the deadline for the filing of comments to December 1, 2006. No comments were received.
We have reviewed the proposed amendments. One of the paragraphs proposed as an addition to rule 3-5.1 states:
Unless waived or modified by the court on motion of the respondent showing good cause, an order or opinion imposing a suspension of more than 90 days shall include a provision that prohibits the respondent from accepting new business from the date of the order or opinion until further order of the court and shall provide that the suspension is effective 30 days from the date of the order or opinion so that the respondent may close out the practice of law and protect the interests of existing clients.
(Emphasis added.) The phrase "until further order of the court" could be interpreted two ways: (1) until the Court enters an order expressly lifting the prohibition against accepting new business; or (2) until the Court enters an order reinstating the respondent. We prefer the second interpretation. In order to clarify the meaning, we replace "until further order of the court" with "until the date of the court's order of reinstatement." Our modification is as follows:
Unless waived or modified by the court on motion of the respondent showing good cause, an order or opinion imposing a suspension of more than 90 days shall include a provision that prohibits the respondent from accepting new business from the date of the order or opinion until the date of the court's order of *1186 reinstatement and shall provide that the suspension is effective 30 days from the date of the order or opinion so that the respondent may close out the practice of law and protect the interests of existing clients.
(Emphasis added.)
Having considered the petition, we adopt the Bar's proposed amendments with this modification to the proposal for rule 3-5.1.

CONCLUSION
Accordingly, we amend the Rules Regulating the Florida Bar 3-5.1 and 3-7.9 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments will be effective on June 1, 2007.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

RULE 3-5.1 GENERALLY
A judgment entered, finding a member of The Florida Bar guilty of misconduct, shall include one or more of the following disciplinary measures:
(a) Admonishments. [No Change]
(b) Minor Misconduct. [No Change]
(c) Probation. [No Change]
(d) Public Reprimand. [No Change]
(e) Suspension. The respondent may be suspended from the practice of law for a definite period of time or an indefinite period thereafter to be determined by the conditions imposed by the judgment. During such suspension the respondent shall continue to be a member of The Florida Bar but without the privilege of practicing, and, upon the expiration of the suspension period and the satisfaction of all conditions accompanying the suspension, the respondent shall become eligible to all of the privileges of members in The Florida Bar. A suspension of 90 days or less shall not require proof of rehabilitation or passage of the Florida bar examination and the respondent shall become eligible for all privileges of members of The Florida Bar upon the expiration of the period of suspension. A suspension of more than 90 days shall require proof of rehabilitation and may require passage of all or part of the Florida bar examination and the respondent shall not become eligible for all privileges of members of The Florida Bar until the court enters an order reinstating the respondent to membership in The Florida Bar. No suspension shall be ordered for a specific period of time in excess of 3 years.
Unless waived or modified by the court on motion of the respondent showing good cause, an order or opinion imposing a suspension of 90 days or less shall include a provision that prohibits the respondent from accepting new business from the date of the order or opinion until the end of the term of the suspension and shall provide that the suspension is effective 30 days from the date of the order or opinion so that the respondent may close out the practice of law and protect the interests of existing clients.
Unless waived or modified by the court on motion of the respondent showing good cause, an order or opinion imposing a suspension of more than 90 days shall include a provision that prohibits the respondent from accepting new business from the date of the order or opinion until the date of the court's order of reinstatement and shall provide that the suspension is effective 30 days from the date of the order or opinion *1187 so that the respondent may close out the practice of law and protect the interests of existing clients.
(f) Disbarment. A judgment of disbarment terminates the respondent's status as a member of the bar. Permanent disbarment shall preclude readmission. A former member who has not been permanently disbarred may only be admitted again upon full compliance with the rules and regulations governing admission to the bar. Except as might be otherwise provided in these rules, no application for readmission may be tendered within 5 years after the date of disbarment or such longer period as the court might determine in the disbarment order and thereafter until all court-ordered restitution and outstanding disciplinary costs have been paid.
Disbarment is the presumed sanction for lawyers found guilty of theft from a lawyer's trust account or special trust funds received or disbursed by a lawyer as guardian, personal representative, receiver, or in a similar capacity such as trustee under a specific trust document. A respondent found guilty of such theft shall have the opportunity to offer competent, substantial evidence to rebut the presumption that disbarment is appropriate.
Unless waived or modified by the court on motion of the respondent, an order or opinion imposing disbarment shall include a provision that prohibits the respondent from accepting new business from the date of the order or opinion and shall provide that the disbarment is effective 30 days from the date of the order or opinion so that the respondent may close out the practice of law and protect the interests of existing clients.
(g) Notice to Clients. [No Change]
(h) Forfeiture of Fees. [No Change]
(i) Restitution. [No Change]
(j) Disbarment on Consent. [No Change]

RULE 3-7.9 CONSENT JUDGMENT
(a) Before Formal Complaint is Filed. [No Change]
(b) After Filing of Formal Complaint. [No Change]
(c) Approval of Consent Judgments. [No Change]
(d) Content of Conditional Pleas. All conditional pleas shall show clearly by reference or otherwise the disciplinary offenses to which the plea is made. All conditional pleas in which the respondent agrees to the imposition of a suspension or disbarment shall include an acknowledgment that, unless waived or modified by the court on motion of the respondent, the court order accepting the conditional plea will contain a provision that prohibits the respondent from accepting new business from the date of the order or opinion and shall provide that the suspension or disbarment is effective 30 days from the date of the order or opinion so that the respondent may close out the practice of law and protect the interests of existing clients.
(e) Effect of Pleas on Certification. [No Change]